**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ALDIFONSO GONZALES
REG. #92754-079                                                                                              PETITIONER

V.                                              2:08CV00035 JTR

T.C. OUTLAW, Warden,
FCI Forrest City                                                                                             RESPONDENT

**MEMORANDUM ORDER**

**I.  Background**

Pending before the Court is Respondent's Motion to Dismiss this 28 U.S.C. § 2241 habeas action.[1]  (Docket entry #8.)  Petitioner has filed a Response.  (Docket entry #11.)  Thus, the issues are joined and ready for disposition.  Before addressing Respondent's Motion, the Court will review the procedural history of this case.

On November 3, 1997, Petitioner pleaded guilty to one count of felony possession of marijuana in Louisiana state court.  *State v. Gonzales*, St. Tammany Parish Judicial District Court No. 243472-1.  Petitioner was sentenced to a 5-year term of imprisonment, which was suspended, and 5 years of probation.[2]

On April 25, 2000, Petitioner was indicted in the Southern District of Texas for possession

---

[1]The parties have consented in writing to United States Magistrate Judge jurisdiction. (Docket entry #12.)

[2]The Court contacted the Clerk of St. Tammany Parish to confirm the details of Petitioner's state court conviction and sentence. Additionally, the docket sheet of Petitioner's state court case is available from the Clerk's public website. *See* http://www.sttammanyclerk.org/liveapp/main/main.asp.

of 195 kilograms of marijuana, with the intent to distribute. *United States v. Gonzales*, S.D. Tex. No. 1:00CR000176-2 at docket entry # 1. On July 31, 2000, Petitioner entered a guilty plea. *Id.* at docket entry #57. On January 9, 2001, he was sentenced to 44 months of incarceration in the BOP, to be followed by 4 years of supervised release. *Id.* at docket entry #84.

On February 14, 2001, a probation revocation hearing was held in the Louisiana state case, based on Petitioner's federal conviction in Texas. Petitioner's probation was revoked and he received a 5-year sentence in the Louisiana Department of Correction.[3] On the same date that this probation revocation occurred, Petitioner filed a Motion in the Louisiana state case requesting that the sentence of incarceration imposed as a result of his probation revocation be ordered to run *concurrent with* the sentence he was serving in the BOP as a result of the Texas federal case.[4] *See* Court's Exhibit A. The trial court entered an Order stating that "[Petitioner's] sentence [in the Louisiana Department of Correction] be served concurrent and coterminous with time presently being served in [the BOP]." *Id.*

The record does not establish the exact date when Petitioner flattened the time served on the federal sentence from the Southern District of Texas and the concurrent state sentence from Louisiana. However, on April 11, 2006, Petitioner was indicted in the Eastern District of Tennessee for conspiracy to distribute cocaine. *United States v. Gonzales*, E.D. Tenn. 2:06CR00011-2 at docket entry #1. On October 19, 2006, Petitioner entered a guilty plea, and was later sentenced to

---

[3]Petitioner alleges that he was neither notified of or present for this probation revocation hearing.

[4]Although the state sentence was longer, on its face, Petitioner explained that Louisiana's parole eligibility rules would effectively make the time served on the Louisiana state sentence shorter than the federal sentence in the Southern District of Texas. *See* Court's Exhibit A.

192 months of incarceration in the BOP.[5]  *Id.* at docket entry #133.  Petitioner is currently serving this sentence at FCI Forrest City.

On March 21, 2008, Petitioner filed this § 2241 habeas action (docket entry #2) in which he argues that his federal sentence was improperly enhanced by an unconstitutional state court conviction in Louisiana.  According to Petitioner, he pleaded guilty to a felony marijuana possession charge in Louisiana state court on November 3, 1997, and was sentenced to a term of probation.  (Docket entry #2 at 7.)  Petitioner claims that he was advised at some point that his probationary term on the Louisiana conviction was terminated, only to later find out that his probation had been revoked and a 5-year prison term imposed on February 14, 2001.  (Docket entry #2 at 3.)  Petitioner contends that, "based upon the 5-year [state] prison term," his federal sentence was effectively tripled.

Petitioner now asserts that: (1) the five-year term of imprisonment he received in Louisiana, for violating his state probation, was entered in violation of his constitutional right to be present at all phases of trial, because he was not present at the revocation proceeding; and (2) in November of 1997, he did not enter a knowing and voluntary guilty plea in Louisiana because he was not advised that the conviction could be used in the future to enhance later sentences.

Respondent argues that the Court lacks jurisdiction to hear Petitioner's habeas claims.  (Docket entry #8.)  For the reasons explained below, the Court concludes that it lacks jurisdiction,

---

[5]Before Petitioner was sentenced in the Tennessee federal case, a proceeding was initiated in the Texas federal case to revoke Petitioner's supervised release.  *United States v. Gonzales*, S.D. Tex. No. 1:00CR00176-2 at docket entry #92.  This revocation proceeding was transferred to the Eastern District of Tennessee and docketed as *United States v. Gonzales*, E.D. Tenn. No. 2:07CR05000. On March 15, 2007, Petitioner's supervised release was revoked, and Petitioner was sentenced to 18 months incarceration, to run consecutive to his 192 month sentence in E.D. Tenn. No. 2:06CR11-2.  *United States v. Gonzales*, E.D. Tenn. No. 2:07CR05000 at docket entry #5.

and will grant Respondent's Motion.

## II. Discussion

Respondent characterizes Petitioner's § 2241 habeas claims as an attack on his federal conviction and sentence in the Eastern District of Tennessee, which must be brought in a 28 U.S.C. § 2255 motion filed in the sentencing court. Respondent has produced a copy of a § 2255 Motion that Petitioner has filed in the Eastern District of Tennessee, in which he argues that his federal sentence should be vacated based on his unconstitutional state court conviction in Louisiana. *See Gonzalez v. United States*, E.D. Tenn. No. 2:08CV00022. In response, Petitioner claims that his § 2241 Petition "seeks relief from a Louisiana state conviction" (not one of his federal convictions) and that he "seeks a Writ of Habeas Corpus vacating the state judgment and/or an order declaring [the] Louisiana state conviction presumptively void." (Docket entry #11 at 1-2.)

To the extent that the § 2241 habeas Petition is an attack on his federal conviction and sentence, there is no question that such a claim must be raised in a motion to vacate filed with the *sentencing court* under 28 U.S.C. § 2255. Petitioner has made no showing of the "rare instance" where the § 2255 remedy in the sentencing district is "inadequate or ineffective," something which would support § 2241 habeas jurisdiction. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

If the § 2241 habeas Petition is properly characterized as an attack on the state conviction and sentence resulting from his 1997 guilty plea and later probation revocation in 2001, Petitioner's arguments are specious on their face. With respect to Petitioner's argument that he was not advised in 1997 that the state-court conviction resulting from his guilty plea could be used to enhance future sentences, Petitioner fails to explain why he did not file a timely state-court postconviction motion

challenging his guilty plea. With respect to Petitioner's argument that he was not present for the revocation proceeding and unaware of the sentence imposed in his state-court case, Petitioner fails to account for the fact that, on the same date the revocation hearing took place, his lawyer filed a Motion specifically requesting the Louisiana state court to run the state sentence imposed as a result of the revocation proceeding concurrent with the federal sentence from the Southern District of Texas.

More importantly, before Petitioner can bring a habeas attack on the Louisiana state conviction and sentence, he first must demonstrate, as a jurisdictional prerequisite, that he is "in custody" on the conviction he attacks. *See* 28 U.S.C. § 2241(c)(3). In *Maleng v. Cook*, 490 U.S. 488, 490 (1989), the Court explained that a habeas petitioner does not remain "in custody" under a conviction, after the sentence imposed for it has expired, even though there is a possibility that the prior conviction will be used to enhance a sentence imposed for subsequent convictions. Importantly, Petitioner does *not* claim that the federal sentence he is currently serving is subject to a detainer from the State of Louisiana, or that his Louisiana state sentence was ordered to run *consecutive to* his federal sentence.[6] As indicated earlier, the sentence imposed on Petitioner as a result of the Louisiana probation revocation proceeding in 2001 was ordered to run *concurrent with* the 44-month sentence imposed in the Southern District of Texas.  Thus, Petitioner has already served his state sentence, and he is not "in custody" of the state sentence for purposes of habeas

---

[6]Under such circumstances, the Supreme Court has held that a federal prisoner is "in custody" of the state sentence for purposes of attacking the state sentence. *See Maleng*, 490 U.S. at 493 (where a state "has placed a detainer with the federal authorities to ensure that, at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences [the federal inmate] was 'in custody' under his . . . state sentences at the time he filed" his habeas petition attacking the state sentence.)

jurisdiction.

Under these circumstances, the Court concludes that it lacks subject-matter jurisdiction to hear Petitioner's habeas claims.

### III. Conclusion

IT IS THEREFORE ORDERED THAT Respondent's Motion to Dismiss (docket entry #8) is GRANTED, and the case is DISMISSED, WITHOUT PREJUDICE.

Dated this 12th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE